IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) <br> FROM LATVIA ) <br> IN THE MATTER OF ) <br> SANTANA M. LTD. ) | Misc. No. 06- |

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Latvia. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Latvian authorities who are investigating a case of alleged smuggling and tax evasion.

EVIDENCE SOUGHT:

The Latvian authorities seek information from the Delaware Secretary of State's Office and a company in this District. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other

thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Latvia and

hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled *ex parte,* and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: /s/ Richard G. Andrews
Richard G. Andrews
Assistant U.S. Attorney
Delaware Bar I.D. No.2199
1007 Orange Street
Wilmington, DE  19801
(302) 573-6277

Dated: 7/26/06



LATVIJAS REPUBLIKAS PROKURATŪRA

# ĢENERĀLPROKURATŪRA

Reģ.Nr. 90000022859, Kalpaka bulvārī 6, Rīgā, LV-1801
tālr. 7044400, fakss 7044449, e-pasts: gen@lrp.gov.lv

## RIGA

January "30", 2006
Our ref.: 1/1-10-4-06
(please repeat when responding)

Office of International Affairs
Criminal Division
United States Department of Justice
Washington, D. C. 20530

Subject: **Mutual Legal Assistance Request**

Enclosures: Request for Assistance No.20.1/337/2349 of November 29, 2005
in Criminal Case No.15890003804 made by Customs Criminal Board
of the State Revenue Service of the Republic of Latvia
(accompanied by translation from Latvian into English)

Dear Madam or Sir,

The Central Authority of the Republic of Latvia with reference to the *Treaty Between the Government of the United States of America and the Government of the Republic of Latvia on Mutual Legal Assistance in Criminal Matters* of June 13, 1997 has the honor of requesting assistance.
You are kindly requested to intercede with the appropriate authorities in order to execute the enclosed request.
Please notify us about the outcome. Thank you in advance for your cooperation with this request.

Yours faithfully,

Prosecutor General of the Republic of Latvia                                   Janis Maizitis

*Translated from Latvian*

# CUSTOMS CRIMINAL BOARD
## STATE REVENUE SERVICE
## THE REPUBLIC OF LATVIA

6 Eksporta Street, Riga, Latvia, LV-1010, Telephone: 7357201, Fax: 7357202, 7357222

Riga

29.11.2005. No. 20.1/337/2349

To: Law Enforcement Institutions
of the USA

On Rendering of Legal Assistance

Customs Criminal Board of the Republic of Latvia State Revenue Service (hereinafter referred to as SRS) has initiated the criminal case No. 15890003804 in accordance with crime indications provided for in part 2 of Article 190 of the Criminal Law, for transactions performed in the time period from 2002 until 2003 by "Santana M" Ltd., registration No. ███████ legal address 6 Alfreda Kalnina Street, Riga and "Santana B" Ltd., registration No. ███████ legal address 6 Alfreda Kalnina Street, Riga, including import of goods – soy-been oil, canned/tinned fish, unalloyed cans/tins of fish at the total customs value of Ls 150450,86 into the territory of the Republic of Latvia via Ainazi customs checkpoint (0920), processing the customs procedure – release for free circulation (IM-4) and presenting documents, which contain false information to the customs office.

### Article 190 of the Criminal Law of Latvia
### (Smuggling)

(1) For transfer of goods or other values across the Republic of Latvia customs border by eluding customs examination or hiding goods or other values from such examination, or by using forged customs or other documents or in other illegal way (smuggling), if committed in large quantities,
- a sentence of up to five years of imprisonment or a fine of up to two hundred minimum monthly wages, with or without property forfeiture is imposed.

(2) For similar acts if committed by a group of persons under a prior agreement,
- a sentence from five to ten years of imprisonment, with or without property forfeiture is imposed.

(3) For smuggling if committed by an organized group, as well as for smuggling of highly efficient, poisonous or radioactive substances and agents, goods of strategic value or other values, explosives, arms, ammunition, gas pistols (handguns), their cartridges or cylinders filled with irritating substances or smuggling of special means filled with poisonous or highly efficient substances,
- a sentence from eight to fifteen years of imprisonment, with property forfeiture is imposed.
(In the wording of the law of 17 October 2002, effective from 21 November 2002).

**The following facts have been clarified during pre-trial investigation:**

On 6 May 2004 the Customs Criminal Board of the SRS received a letter No. 15.5-6/911 and materials on transactions by "Santana M" Ltd. from Post-clearance Audit Division of Vidzeme Regional Customs Office of the SRS.

In the time period from 2002 until 2003 goods, including soy-been oil, canned/tinned fish and unalloyed cans/tins of fish were imported into the Republic of Latvia from the Republic of Estonia joint stock company "STIVIS", Maardu tee 57, Tallinn 74115 and company "Paljassaare Tollliladu OU", Paljassaare tee 41, 10313, Tallinn, via Ainazi customs checkpoint (0920), for the needs of "Santana B" Ltd. and "Santana M" Ltd., and the customs procedure – release for free circulation (IM-4) was applied.

Upon performance of post-clearance audit it was established, that "Santana B" Ltd. and "Santana M" Ltd. while importing goods into the Republic of Latvia customs territory and presenting them for the customs procedure - release for free circulation has reduced the customs value of goods in such a way reducing the tax base, which is justified by documents received from the customs office of Estonia.

The goods, including soy-been oil, canned/tinned fish and unalloyed cans/tins of fish for the needs of "Santana M" Ltd., registration No. ███████ and "Santana B" Ltd., registration No. ███████ have been sent by foreign companies "Mirabel" Ltd., "Atlantic Impex" Ltd., "Moris Management" Ltd., Suitre 606, 1220 N. Market Str., Wilmington, Country of New Castle, Delaware, USD, "Clare Mont" Ltd., "Japonica LLC", "Rainford Corporation", "Bremex LLC", which perform business activity, but have not been registered in the State Revenue Service of the Republic of Latvia and evade taxation imposed in accordance with requirements of the Republic of Latvia laws and regulations.

On 10 August 2004 information was received from the Main Criminal Police Department that "Moris Management" Ltd. is not registered in the United States of America at the address indicated in customs declarations. In such a way there is ground to consider that false information has been sumbmitted to the customs office.

Janis Mukans, identity number ███████ was employed in "Santana M" Ltd. and in "Santana B" Ltd. as a business manager from January 2003 until 1 April 2004, but Vladimirs Smelovs, identity number ███████, was employed in "Santana M" Ltd. and in "Santana B" Ltd. as a director with signatory powers.

In accordance with letter No. 4.1.11/7534 of 24 February 2005 by Riga Regional Customs Office of SRS the mandatory invoices submitted to SRS department have been signed by Janis Mukans, identity number ███████ and Vladimirs Smelovs, identity number ███████.

Igors Kobizevs, identity number ███████ (surname Kobizevs has been changed to Kobzevs, change of surname permit No. ███████ executed on 31 July 2001), has been employed in the company "Santana R" Ltd. as a director, as well as is involved in the business activity of "Santana M" Ltd. and "Santana B" Ltd.

On the ground of the above mentioned, in order to contribute to pre-trial investigation, to clarify about the export of soy-been oil, canned/tinned fish and unalloyed cans/tins of fish from the USA and, on a legal basis to obtain the evidence necessary for criminal procedure, we kindly ask you to perform the following investigation and other activities in the USA:

1. To find out whether the following companies have been registered as taxpayers in the USA:

   - "Moris Management Ltd.", legal address Suite 606, 1220 N. Market str., Wilmington, County of New Castle, Delaware, USA;
   - "Mirabel" Ltd., registration Nr. ███████
   - "Atlantic Impex", registration Nr. ███████ US;

- "Clare Mont" Ltd., registration Nr. ███████
- "Japonica LLC", 2424, Pioneer Avenue, Cheyenne, Wyoming 82001, USA;
- "Rainford Corporation", 285 Liberty str. Ne Suite 370, salem, oregon 97301, USA;
- "Bremex LLC", 942 Windemere Draiv, Oregon 97304 USA, registration No. ███████

2. If the above mentioned companies have been (were) registered, we kindly ask you to find out who registered these companies, what purpose they were registered for, and whom the registration documents of companies were transferred to;

   - Whether any violations of administrative or criminal nature have been detected in respect of these companies in the USA;

2. To examine as witnesses the competent officials in charge of all the above mentioned companies on the following:

   - Since when and in what position he/she works in the company; What his/her job responsibilities are;
   - Type of business the company is engaged in;
   - Whether their company was engaged in export of soy-been oil, canned/tinned fish, and unalloyed cans/tins of fish; If it was, describe the procedure of product purchase, specify the producers the fish is purchased from, specify the countries fish is sold in;
   - Whether their company has concluded an agreement with the Latvian companies "Santana M" Ltd., registration No. ███████ legal address 6 Alfreda Kalnina Street, Riga, and "Santana B" Ltd., registration No. ███████ legal address 6 Alfreda Kalnina Street, Riga, on delivery of soy-been oil, canned/tinned fish, and unalloyed cans/tins of fish (amount in accordance with the enclosed invoice);
   - If the agreement was concluded who of their company's employees dealt with receipt of the above mentioned order and conclusion of the agreement; Describe the procedure of order receipt, conclusion of agreement, purchase of and payment for soy-been oil, canned/tinned fish, and unalloyed cans/tins of fish. Please, present certified copies of respective documents.
   - Whether they know the following individuals: Vladimirs Smelovs, Igors Kobzevs and Janis Mukans;
   - Whether any transactions have been performed and communication has taken place with the above mentioned individuals; If there have been any, specify the transaction and how the communication took place;
   - We kindly ask you to provide all the information known to you – first names, surnames, company's name, registration number, address, telephone and fax numbers, bank accounts, vehicle identification/registration numbers in respect of all the persons and companies who *de facto* ordered and paid for purchase of the above mentioned shipment of goods;
   - We kindly ask you to provide certified copies of all the documents, including orders, agreements, specifications, payment documents etc., which are related to order, conclusion of agreement, purchase and payment in respect of the above mentioned soy-been oil, canned/tinned fish, and unalloyed cans/tins of fish;
   - Specify the delivery procedure (route, road transport) of the above mentioned shipment and who established the procedure;

4. To perform other investigation activities which may be necessary while complying with the request within the territory of the USA.

Annex: Copies of invoices on 9 pages.

Thank you for cooperation.

Very truly yours,

Acting Deputy Director       (signature)       S. Lipatova

Kaksitis 7357213

# TRANSLATOR'S ACKNOWLEDGEMENT

*I, Andrejs Līcis (identity No. ▓▓▓▓▓▓ sworn translator of "Lated" LLC), has performed the translation of the document of the Customs Criminal Board, the State Revenue Service from the Latvian language into the English language, and the duties of a translator as defined in Part 2 of Article 114 of the Latvian Criminal Procedure Code have been explained to me, and I have been warned about the liability for deliberate false translation as defined in Article 300 of the Latvian Criminal Law and the liability for refusal to perform translation as defined in Article 302 of the Latvian Criminal Law, as well as about the liability for divulging of pretrial investigation information as defined in Article 304 of the Latvian Criminal Law.*

*THE TRANSLATION IS CORRECT.*

*Place of acknowledgement (city):* ___Riga___

*Date of acknowledgement:* ___13 December___, 2005

*Translator's signature* ___[signature]___



**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

IN RE LETTER OF REQUEST )
FROM LATVIA )
IN THE MATTER OF ) Misc No. 06-
SANTANA M. LTD. )

<u>ORDER</u>

Upon application of the United States of America; and upon examination of a letter of request from Latvia whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Latvia and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Latvian authorities as follows:

   1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

   2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

   3. adopt procedures to collect the evidence requested

consistent with its use as evidence in a proceeding before a Court in Latvia, which procedures may be specified in the request or provided by the Latvian authorities;

    4. seek such further orders of this Court as may be necessary to execute this request; and

    5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Latvian authorities.

    IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2006.

_____
United States District Court Judge